UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNIE EUGENE CRABTREE,

       Petitioner,

                                                        Case No. 08-13876
v.                                                   Honorable Patrick J. Duggan

DEBRA SCUTT,

       Respondent.

_____/

## OPINION AND ORDER DENYING THE HABEAS CORPUS PETITION AND DENYING A CERTIFICATE OF APPEALABILITY

Donnie Eugene Crabtree ("Petitioner") has filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his state conviction in 2006 for operating a vehicle under the influence of liquor (OUIL), third offense. Respondent Debra Scutt has filed an answer to the petition, urging the Court to deny relief. Having reviewed the pleadings and record, the Court concludes that Petitioner's claims lack merit. Accordingly, the Court denies the habeas petition and declines to issue a certificate of appealability.

### I. BACKGROUND

Petitioner was charged in Delta County, Michigan with OUIL, third offense, and operating a vehicle with a suspended license. He also was charged with being a habitual offender, third offense. On January 26, 2006, Petitioner pleaded guilty to OUIL, third offense, in violation of Michigan Compiled Laws § 257.625. In return, the prosecutor

agreed to dismiss the second count, as well as, the supplemental information charging Petitioner with being a habitual offender. There was no sentencing agreement, and on March 9, 2006, the trial court sentenced Petitioner to imprisonment for forty to sixty months.

Petitioner raised his habeas claims in the Michigan Court of Appeals, which denied leave to appeal "for lack of merit in the grounds presented." *People v. Crabtree*, No. 275279 (Mich. Ct. App. Feb. 15, 2007). On September 10, 2007, the Michigan Supreme Court denied leave to appeal because it "was not persuaded that the questions presented should be reviewed by th[e] Court." *People v. Crabtree*, 480 Mich. 854, 737 N.W.2d 755 (2007).

Petitioner filed his habeas corpus petition on September 9, 2008. In support of his request for relief, Petitioner claims that:

1. [f]or enhancement purposes in Michigan, the Kentucky offense for driving under the influence of alcohol is not substantially similar to the Michigan offense of operating under the influence of alcohol, because the Kentucky offense is considerably less severely punished, and it is much easier to receive a conviction on the offense in Kentucky by way of plea bargain or otherwise;

2. [he] was denied the effective assistance of counsel at sentencing, where defense counsel failed to argue that the prior conviction[s] used for enhancement were from the State of Kentucky and were not substantially similar to prior convictions from the State of Michigan;

3. [he] is entitled to re-sentencing because the given sentence departed above the statutory sentencing guidelines based on reasons which violate due process of the law and the Sixth

> Amendment; and

4. [t]he trial court clearly erred in imposing a sentence of imprisonment that exceeded the sentencing guidelines range of 10 to 23 months without substantial and compelling reasons to do so, and imposing the maximum possible minimum sentence is a disproportionate result.

## II. STANDARD OF REVIEW

Habeas petitioners normally are entitled to relief only if the state court's adjudication of their claims on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This standard does not apply here, however, because neither the Michigan Court of Appeals nor the Michigan Supreme Court adjudicated the merits of Petitioner's claims. Both courts merely issued brief orders denying leave to appeal.

While the Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented," a "state court may have various reasons for denying an application for leave to appeal 'for lack of merit in the grounds presented.'" *Dorn v. Lafler*, 601 F.3d 439, 443 (6th Cir. 2010). Faced with identical language from the Michigan courts in *Dorn*, the Sixth Circuit indicated that it could not discern from such "stock language" alone whether the state court's decision was based on the merits of the case. *Id*. Consequently, the Sixth Circuit was unable to conclude that the state courts'

3

adjudications of the petitioner's claims were "an 'adjudication on the merits' pursuant to 28 U.S.C. § 2254(d)." *Id.* The Sixth Circuit therefore held that *de novo* review was appropriate.

In light of *Dorn*, this Court has no reasoned decision or explanation from the state courts for rejecting Petitioner's claims. When the state court has not assessed the merits of a claim properly raised in a habeas petition, the deference due under 28 U.S.C. § 2254(d) does not apply and review is *de novo*. *Dorn*, 601 F.3d. at 442 (citing *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003)).

## III. DISCUSSION

### A. Similarity of Prior Offenses

Petitioner's criminal history includes three prior convictions in Kentucky for driving while impaired or intoxicated. Those convictions were the basis for elevating Petitioner's Michigan conviction from a misdemeanor to a felony. Petitioner contends that his prior convictions were dissimilar from his Michigan conviction and, therefore, the state court erred by denying his motion to dismiss the charge of OUIL, third offense. Petitioner maintains that he does not have two or more prior convictions for the same offense and is not guilty of OUIL, third offense.

Petitioner's allegations amount to "objections to the state court's interpretation of state law, alleged errors for which 'federal habeas corpus relief does not lie.'" *Bell v. Jackson*, 379 F. App'x 440, 448 (6th Cir. 2010) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475 (1991)). This Court defers to a state court's interpretation of state law,

4

*Cooper v. Scroggy*, 845 F.2d 1385, 1393 n.3 (6th Cir. 1988), because "state courts are the final authority on state law." *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001) (citing *Hutchison v. Marshall,* 744 F.2d 44, 46 (6th Cir. 1984)).

Furthermore, there is no merit to the contention that Petitioner's Kentucky convictions should not have been used to enhance his OUIL charge in Michigan. At his plea hearing, Petitioner admitted that his criminal history in Kentucky included a 2004 conviction for operating a vehicle while intoxicated, a 2001 conviction for operating a vehicle while impaired or intoxicated, and a 1998 conviction for operating a vehicle while impaired. (1/26/06 Tr. at 10.)

In Michigan, if an OUIL violation occurs after two or more prior convictions the person is guilty of a felony. Mich. Comp. Laws § 257.625(9)(c). The statute defines "prior conviction" as a conviction under a Michigan law, a local ordinance, a federal law, or "a law of another state substantially corresponding to a law of this state." Mich. Comp. Laws § 257.625(25).

Petitioner contends that Kentucky provides for a less severe sentence for violations of OUIL and, therefore, the Kentucky law does not substantially correspond to the Michigan statute. Both states, however, authorize courts to sentence an offender to a term of imprisonment for a third OUIL offense. *Compare* Mich. Comp. Laws § 257.625 (9)(c) *with* Ky. Rev. Stat. Ann. § 189A.010(5)(c). Further, both states use the same level of alcohol concentration (0.08) to measure intoxication. *Compare* Mich. Comp. Laws § 257.625(1)(b) *with* Ky. Rev. Stat. Ann. § 189A.010(1)(a). Thus, the behavior

proscribed (intoxication) and the degree of intoxication needed for a conviction (0.08 grams) are the same in both states. The Court therefore believes that the Michigan statute corresponds substantially to the Kentucky statute. It was Petitioner's prior conduct or offense, and not the penalty, that formed the basis for enhancing Petitioner's Michigan conviction.

In short, Petitioner has failed to show that the state court improperly interpreted the Michigan OUIL statute when it concluded that Petitioner had two or more prior convictions for the same offense. Further, because a federal court may not issue the writ of habeas corpus on the basis of a perceived error of state law, *Pulley v. Harris*, 465 U.S. 37, 41, 104 S. Ct. 871, 875 (1984), the Court declines to grant relief on the basis of Petitioner's first claim.

## B. Trial Counsel

Petitioner next alleges that his trial attorney was ineffective at sentencing for failing to argue that his Kentucky convictions were not substantially similar to his Michigan conviction. To prevail on this claim, Petitioner must show that his attorney's "performance was deficient" and that "the deficient performance prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). The "deficient performance" prong requires showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. The "prejudice" prong requires showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different." *Id*. at 694, 104 S. Ct. at 2068.

As noted above, Petitioner's Kentucky convictions were substantially the same as his Michigan conviction. The trial court therefore was not precluded from accepting Petitioner's plea and from sentencing him for OUIL, third offense. Furthermore, Petitioner moved to dismiss the OUIL charge before he pleaded guilty and that the trial court denied his motion. It would have been futile to make the same argument at sentencing. Therefore, appellate counsel was not ineffective for failing to raise the issue at Petitioner's sentencing. *See Northern v. Boatwright*, 594 F.3d 555, 561 (7th Cir. 2010) (stating that "an attorney is not constitutionally deficient for failing to lodge a meritless objection").

The Court concludes that defense counsel was not ineffective at sentencing. Counsel's performance was not deficient. There is not a reasonable possibility that the result of the sentencing would have been different had counsel asserted Petitioner's claim regarding his Kentucky convictions and the Kentucky statute because that claim lacks merit. Petitioner therefore is not entitled to habeas relief based on this claim.

## C. *Apprendi and Blakely*

Petitioner alleges that he is entitled to be re-sentenced because the trial court departed from the Michigan sentencing guidelines in violation of his right to due process and his Sixth Amendment right to a jury trial. Specifically, Petitioner contends that the trial court scored offense variable 19 on the basis of the court's conclusion that Petitioner would drink and drive again if he were released. Petitioner maintains that this fact was never proved to a jury beyond a reasonable doubt and that he never admitted he would drink and drive again.

Petitioner's claim is based on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 2362-63 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004). The Supreme Court held in *Apprendi* that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 120 S. Ct. at 2362-63. The "statutory maximum" for purposes of *Apprendi* "is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 542 U.S. at 303, 124 S. Ct. at 2537 (emphasis omitted).

*Blakely* was based on a determinate sentencing scheme, *United States v. McCraven*, 401 F.3d 693, 700 (6th Cir. 2005), whereas Michigan's sentencing scheme is indeterminate. *Montes v. Trombley*, 599 F.3d 490, 497 (6th Cir. 2010); *People v. Drohan*, 475 Mich. 140, 161, 715 N.W.2d 778, 790 (2006). The United States Court of Appeals

for the Sixth Circuit has held that "*Apprendi's* rule does not apply to judicial factfinding that increases a minimum sentence so long as the sentence does not exceed the applicable statutory maximum." *Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009) (citing *Harris v. United States*, 536 U.S. 545, 563-68, 122 S. Ct. 2406 (2002)).

The maximum prison sentence for OUIL, third offense, is five years (60 months). Mich. Comp. Laws § 257.625(9)(c)(i). Petitioner's sentence of forty to sixty months did not exceed the statutory maximum for his crime. Therefore, Petitioner's sentence did not violate his Sixth Amendment right not to be sentenced on the basis of facts which he did not admit and which a jury did not determine beyond a reasonable doubt. He has no federal constitutional right to a lesser sentence.

### D. Substantial and Compelling Reasons and Proportionality

In his fourth and final habeas claim, Petitioner alleges that the trial court lacked substantial and compelling reasons for exceeding the sentencing guidelines range. According to Petitioner, the trial court sentenced him on the basis of his prior record and the court's subjective conclusions without giving appropriate weight to the offender and the current offense.

In Michigan, a trial court may depart from the sentencing guidelines if the court has "a substantial and compelling reason" for doing so and states the reasons for departure on the record. Mich. Comp. Laws § 769.34(3). As the Michigan Supreme Court has interpreted this requirement:

> [T]he reasons relied on must be objective and verifiable. They must be of

> considerable worth in determining the length of the sentence and should keenly or irresistibly grab the court's attention. Substantial and compelling reasons for departure exist only in exceptional cases. "In determining whether a sufficient basis exists to justify a departure, the principle of proportionality . . . defines the standard against which the allegedly substantial and compelling reasons in support of departure are to be assessed." For a departure to be justified, the minimum sentence imposed must be proportionate to the defendant's conduct and prior criminal history.

*People v. Smith*, 482 Mich. 292, 299-300, 754 N.W.2d 284, 290 (2008) (footnotes omitted).

The alleged violation of these principles and of Michigan Compiled Laws § 769.34(3) is not a basis for relief, because a federal habeas court "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. at 68, 112 S. Ct. at 480 (citing 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21, 96 S. Ct. 175, 177 (1975)). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Id*. at 67-68, 112 S. Ct. at 480. Thus, Petitioner's claim is not cognizable on habeas corpus review.

"The Eighth Amendment contains no proportionality guarantee." *Harmelin v. Michigan*, 501 U.S. 957, 965, 111 S. Ct. 2680, 2686 (1991). "Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Id*. at 1001, 111 S. Ct. at 2705 (Kennedy, J., concurring) (quoting *Solem v. Helm*, 463 U.S. 277, 288, 303, 103 S. Ct. 3001, 3008, 3016 (1983)). "The gross disproportionality principle reserves a constitutional violation for only the extraordinary case." *Lockyer v. Andrade*, 538 U.S. 63, 77, 123 S. Ct. 1166, 1175 (2003).

The trial court offered the following reasons for departing upward from the sentencing guidelines: Petitioner's seventeen prior drinking and driving offenses since 1983; eight prior convictions while his license was revoked; the protection of society; a pattern of recidivism; the fact that Petitioner was not amenable to rehabilitation; and Petitioner's unwillingness or inability to accept responsibility for his actions and to change his behavior. (3/9/06 Tr. at 5-6.) The trial court determined that a departure from the guidelines was proportionate, because the prosecutor dismissed one of the two felony counts against Petitioner and a supplemental information charging Petitioner as a habitual offender. (*Id*. at 7.)

To the extent that Petitioner has asserted a constitutional claim, his claim lacks merit because his sentence was not grossly disproportionate to the crime or to the offender. Therefore, he is not entitled to relief on the basis of his fourth and final claim.

## IV. CONCLUSION

For the reasons set forth above, the Court holds that Petitioner is not "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Accordingly,

**IT IS ORDERED**, that Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**;

**IT IS FURTHER ORDERED**, that a certificate of appealability is **DENIED** because reasonable jurists would not find the Court's assessment of Petitioner's claims

debatable or wrong, nor conclude that the issues are adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1604 (2000).

December 15, 2010                    s/PATRICK J. DUGGAN
                                     UNITED STATES DISTRICT JUDGE

Copies to:
Donnie Eugene Crabtree
#594212
G. Robert Cotton Corr. Facility
3510 North Elm Street
Jackson, MI 49201-8877

Raina L. Korbakis, Esq.